## LAW OFFICE OF ERIC M. SEARS, P.C.

---

**Eric M. Sears**
**Attorney at Law**

---

**115 Broadway, Suite 1704**
**New York, NY  10006**

**Tel. 212-252-8560  Fax: 212-566-1068  Cell: 917-929-2096**
email: emsearsesq@aol.com   Website: EricMSearsLaw.com

**By ECF**

May 2, 2016.

Hon. Alison J. Nathan
United States District Judge
United States Courthouse
40 Foley Square
New York, NY  10007

      Re: USA v. Ricardo Stewart 15 Cr 95 (AJN)

Dear Judge Nathan:

     I am CJA counsel for Ricardo Stewart, who is scheduled to appear before Your Honor on May 3, 2016 at 2:00 p.m., at the request of the government, for this Court to review the bond set by Magistrate Francis on April 27, 2016.  This letter is in response to the submission by the government dated May 2, 2016.

     The present bond conditions:
- $50,000 PRB
- 3 financially responsible co-signers
- home incarceration
- electronic monitoring
- strict pretrial supervision
- surrender of travel documents
- travel restricted to SD/EDNY and District of Connecticut
- no co-defendant contact

     As of last Friday, April 29, 2016, three people, including Mr. Stewart's sister, Tamara Aarons, his aunt, Nicole Willimas, and close family friend, Tanisha, had been interviewed by the government and approved, and all have signed the bond.

and varying levels of reliability, and all without benefit of defense review and adversarial testing.[1] The full nature and extent of Mr. Stewart's participation is at this time at best unclear. Moreover, Magistrate Francis, after full consideration of the information presented by the government, which has not significantly changed, as well as the input and recommendation of pretrial services,[2] came to the reasonable conclusion that the conditions he imposed would ensure both the safety of the community and Mr. Stewart's return to court.

Among the factors given weight in Magistrate Francis's decision were the recommendation of PTS, Mr. Stewart's strong ties to the community, his longstanding connection to, and residence in or adjacent to this district, the presence in court and continuing support of his family, his two young children, to whose support he contributes, his never having traveled out of this country, and the presence here of virtually every person about whom he cares and to whom he is emotionally connected, including not only his children and their mothers, but his mother, his grandmother and his sister as well. No doubt, the unlikelihood that Mr. Stewart would simply pick up and leave this community weighed heavily in Magistrate's Francis's considered decision.

Mr. Stewart was arrested in the early morning hours of April 27, 2016. He was in possession of neither contraband nor weapons, and the arrest was without incident or resistance. Mr. Stewart is a United States citizen, born locally and raised in Bronx County. Although continuing to reside with his grandmother, Gene Williams, in the Bronx, he also spends time with his mother in Stamford, Ct., where Sache Reynolds, the mother of one of his two young children, also resides. Prior to his arrest, Mr. Stewart had been working "on the books" at Delfrisco restaurant, in Stamford. I believe Pretrial services confirmed both the Bronx and Stamford addresses.

Mr. Stewart does have a prior criminal record, as reflected in the PTS report. A review of the criminal history documents provided by the government shows two arrests, one apparently involving a suspended driver's license, and one apparently involving the misdemeanor possession of a knife.[3] I submit that the criminal history data neither involves nor suggests the sort of gang activity consistent with the conduct alleged in the indictment before this Court.

Admittedly, the presumption contained in 18 USC 3142(e) applies in this case. However, I submit that Magistrate Francis's finding that we had come forward with sufficient evidence to rebut the presumption, i.e. that we had satisfied our burden of production, was entirely reasonable, as was his finding that the government had failed to satisfy its burden of showing that no conditions could be set that would adequately protect the community and ensure Mr. Stewart's presence in court. Moreover, the presumption places on the accused merely a burden

---

[1] The linesheets with which I have been provided for this hearing do not appear identify Mr. Stewart, and, in any event, appear to pertain to the sale of marijuana and contain nothing to suggest the use of weapons or violence.

[2] PTS found that bond conditions could be set that would both protect the community and ensure Mr. Stewart's presence in court.

[3] There appears to be some discrepancy in the criminal history documents between the arrest charges and the conduct descriptions shown in the NYPD documents. I am relying primarily upon the NYPD arrest reports. The Connecticut weapon arrest referenced by the government does not appear to me to be corroborated in the documents provided.

of production, not a burden of proof; the burden of proof remains on the government, even in a presumption case.

      I submit, given Mr. Stewart's ties to the community, the presence and support of his family, the financially responsible co-signers that have already been approved by the government, and the availability of alternative methods of addressing the government's concerns, including the home incarceration and monitoring imposed by Magistrate Francis, that the present bond conditions are sufficient to protect the community and ensure Mr. Stewart's presence in court.

                              Respectfully,

                              /S/

                              Eric M. Sears
                              Attorney for Ricardo Stewart

cc. *by ECF*
    All Parties