G4rWbur4

```
1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                            S2 15 Cr. 95 (AJN)(DCF)

5
    GERARD BASS,
6   a/k/a "Roddo,"

7   HAKEEM CAMPBELL,
    a/k/a "Ocky,"
8   a/k/a "Ackee,"

9   LAMAR FRANCIS,
    a/k/a "Lammy,"
10  a/k/a "Andrew Blacks,"

11  DAVID JONES,

12  JOEL HARGROVE,
    a/k/a "Flow," and
13
    OKEIFA JOHN
14  a/k/a "Ratty,"

15                                          Arraignment
                       Defendants.
16
    ------------------------------x
17
                                            New York, N.Y.
18                                          April 27, 2016
                                            4:45 p.m.
19

20  Before:

21                  HON. DEBRA C. FREEMAN,

22                                          Magistrate Judge

23

24

25
```

G4rWbur4

```
1                              APPEARANCES

2     PREET BHARARA
            United States Attorney for the
3           Southern District of New York
      HAGAN C. SCOTTEN
4           Assistant United States Attorney

5
      JOSHUA DRATEL
6           Attorney for Defendant Gerard Bass
      LINDSAY A. LEWIS
7
      SCOTT B. TULMAN
8           Attorney for Defendant Hakeem Campbell

9     FRIEDMAN KAPLAN SEILER & ADELMAN LLP
            Attorneys for Defendant Lamar Francis
10    RICARDO SOLANO, Jr.

11    JONATHAN SUSSMAN
            Attorney for Defendant David Jones
12
      KREINDLER & KREINDLER
13          Attorneys for Defendant Joel Hargrove
      MEGAN W. BENETT
14
      MITCHELL J. DINNERSTEIN
15          Attorney for Defendant Okeifa John

16

17    ALSO PRESENT:  Erin Cunningham
                     Julian Febus
18                   Pretrial Services

19                   Chloe Marmet, Paralegal

20

21

22

23

24

25
```

G4rWbur4

```
 1              (Case called)
 2              MR. TULMAN:  Good afternoon, your Honor.  For Hakeem
 3    Campbell, Scott Tulman.
 4              MR. SOLANO:  Good afternoon, your Honor.  Ricardo
 5    Solano for Lamar France.
 6              MS. BENETT:  Good afternoon.  On behalf of Joel
 7    Hargrove, Megan Benett.
 8              MR. DINNERSTEIN:  Mitchell Dinnerstein for Okeifa
 9    John.
10              MR. SUSSMAN:  Jonathan Susman for David Jones.  Good
11    afternoon.
12              MS. LEWIS:  Good afternoon, your Honor.  Lindsay
13    Lewis, standing in for Joshua Dratel, on behalf of Gerard Bass.
14              THE COURT:  All right.  May I please have from the
15    government a date and time of arrest for each of these
16    defendants.  Let's start over on my right with Mr. Bass.
17              MR. SCOTTEN:  Your Honor, Gerard Bass was arrested
18    approximately 10:50 p.m. yesterday, April 26.
19              THE COURT:  10:50 a.m. yesterday?
20              MR. SCOTTEN:  P.m., your Honor.
21              THE COURT:  Oh, p.m.
22              MR. SCOTTEN:  My apologies.
23              THE COURT:  For Mr. Jones.
24              MR. SCOTTEN:  Your Honor, David Jones was arrested
25    approximately 7:14 a.m. this morning.
```

G4rWbur4

1         THE COURT:  Mr. John, Okeifa John.

2         MR. SCOTTEN:  Your Honor, Okeifa John was arrested

3    approximately 2:52 a.m. this morning.

4         THE COURT:  Mr. Hargrove.

5         MR. SCOTTEN:  Your Honor, Mr. Hargrove was arrested

6    approximately 4:54 a.m. this morning.

7         THE COURT:  Mr. Francis.

8         MR. SCOTTEN:  Your Honor, Mr. Francis was arrested,

9    Lamar Francis was arrested approximately 7:14 a.m. this

10   morning.

11        THE COURT:  Mr. Campbell.

12        MR. SCOTTEN:  Your Honor, Hakeem Campbell was arrested

13   at approximately 2 p.m. today.

14        THE COURT:  To the government's knowledge, are any of

15   these defendants not United States citizens?

16        MR. SCOTTEN:  Not to the government's knowledge, your

17   Honor.

18        THE COURT:  Does defense counsel know anything

19   different; is anyone not a United States citizen, to your

20   knowledge?

21        MR. TULMAN:  No, your Honor.

22        THE COURT:  All right.  I have six defendants in front

23   of me.  I'm going to be speaking to all of you at the same time

24   unless I specifically say that I'm talking to you separately.

25   So my comments for the most part are meant for all of you.  The

1    purpose of this proceeding this afternoon is, first, to inform

2    you of certain rights that you have; second, to inform you of

3    the charges against you; third, to decide whether counsel

4    should be appointed for you; and finally, to decide the

5    conditions, if any, under which you'll be released.

6          First, with respect to your rights, again, this

7    applies to all of you.  You have the right to remain silent.

8    You are not required to make any statements.  Even if you have

9    already made statements to the authorities, you need not make

10   any further statements.  Anything you do say can be used

11   against you.  You each have the right to be released, either

12   with or without conditions, pending your trial, unless I find

13   that there are no conditions that would reasonably assure both

14   your presence in court and the safety of the community.  You

15   each have the right to be represented by counsel during all

16   court proceedings, including this one, and also during any

17   questioning by the authorities.  If you cannot afford an

18   attorney, I will appoint one to represent you.

19         Most of you have submitted financial affidavits in

20   connection with the request for appointment of counsel.  For

21   those of you who have submitted financial affidavits, I'm going

22   to ask you one at a time to please stand and raise your right

23   hand so that I can swear you to the contents of the affidavits.

24         Starting with Mr. Bass, could you please stand and

25   raise your right hand as best as you're able.  Do you swear the

G4rWbur4

1  statements contained in this financial are true and correct, so

2  help you God, and this is your signature at the bottom?

3  　　　　DEFENDANT BASS:  Yes.

4  　　　　THE COURT:  All right.  Have a seat.  I am approving

5  your request for appointment of counsel.  I'm appointing

6  Mr. Dratel, is that correct, to represent you?  You'll be

7  represented today for purposes of this proceeding by Ms. Lewis.

8  　　　　Mr. Jones, I understand you're here today with

9  retained counsel, so I'm just going to tell you that if at any

10  time you feel that you are unable to continue to afford

11  counsel, you may return to the court and ask to have counsel

12  appointed for you.

13  　　　　Turning to Mr. John, could you please stand and raise

14  your right hand.  Do you swear the statements contained in this

15  financial affidavit are true and correct, so help you God, and

16  this is your signature here?

17  　　　　DEFENDANT JOHN:  Yes, ma'am.

18  　　　　THE COURT:  OK.  Have a seat.  I'm approving your

19  application for appointment of counsel.  I'm approving

20  Mr. Dinnerstein to represent you.

21  　　　　Mr. Hargrove, could you please stand and raise your

22  right hand.  Do you swear the statements contained in this

23  financial affidavit are true and correct, so help you God, and

24  this is your signature here?

25  　　　　DEFENDANT HARGROVE:  Yes, ma'am.

G4rWbur4

```
1            THE COURT:  All right.  Have a seat.  I'm approving

2    your request for appointment of counsel, and I am appointing

3    Ms. Benett to represent you.

4            Mr. Francis, could you please stand and raise your

5    right hand.  Do you swear the statements made in this financial

6    affidavit are true and correct, so help you God?

7            DEFENDANT FRANCIS:  Yes.

8            THE COURT:  And this is your signature here?

9            DEFENDANT FRANCIS:  Yes.

10           THE COURT:  OK.  Have a seat.  I'm approving your

11   request for appointment of counsel.  Am I correct that I'm

12   appointing Ms. Mulligan.

13           MR. SOLANO:  Actually myself, your Honor, Ricardo

14   Solano.

15           THE COURT:  This disposition sheet has gotten a little

16   bit scratched up and messy.  I'll indicate for the record we

17   have Ricardo Salon as counsel for Mr. Francis.

18           Mr. Campbell, could you please stand and raise your

19   right hand.  Do you swear the statements contained in this

20   financial affidavit are true and correct, so help you God, and

21   this is your signature where I'm pointing?

22           DEFENDANT CAMPBELL:  Yes, your Honor.

23           THE COURT:  All right.  Have a seat.  All right.  I'm

24   going to grant your application for appointment of counsel as

25   well, and I am appointing Mr. Tulman to represent you.
```

G4rWbur4

```
 1              There are four crimes charged in the indictment in
 2     this case, in four different counts.  You are not all charged
 3     in the same counts.  The first count of the indictment charges
 4     a violation of Title 18 of the United States Code, Section
 5     1962(d), which makes it a crime to conspire with others to
 6     commit what's called racketeering.  In this case, this charge
 7     arises out of allegations that you were members and associates
 8     of a gang called the Big Money Bosses gang, or the BMB, which
 9     is referred to in the indictment as a criminal enterprise, and
10     the conspiracy allegation is that you conspired with others to
11     conduct and participate in the conduct of this alleged
12     enterprise.  Those of you who are charged in that first count
13     who are before me now include Mr. Bass, Mr. Campbell,
14     Mr. Francis, and Mr. Jones and Mr. Hargrove.
15              Counsel, please follow along with this.  If I say
16     anything incorrectly, please correct me.
17              The second count of the indictment alleges a violation
18     of Title 21 of the United States Code, Section 846, which makes
19     it a crime to conspire with others to violate the narcotics
20     laws of the United States.  It's more specifically charged that
21     this was a conspiracy to distribute and possess with intent to
22     distribute crack, 100 kilograms of marijuana, and oxycodone.
23     Those of you before me who are charged in the second count of
24     the indictment include Mr. Bass, Mr. Campbell, Mr. Francis,
25     Mr. Jones, Mr. John, and Mr. Hargrove.
```

G4rWbur4

```
1              In the third count of the indictment, there's an
2      allegation of a violation of Title 21 of the United States
3      Code, Sections 846 and 860, and Title 18 of the United States
4      Code, Section 2, which makes it a crime to distribute narcotics
5      within 1,000 feet of playgrounds and schools.  Each of you who
6      are before me today are charged with violating that statute
7      charged in that count.  That includes Mr. Bass, Mr. Campbell,
8      Mr. Francis, Mr. Jones, Mr. John, and Mr. Hargrove.
9              MR. SUSSMAN:  Your Honor, Mr. Jones is not charged in
10     Counts Two and Three.
11             THE COURT:  Who is not charged in Counts Two and
12     Three?
13             MR. SUSSMAN:  Mr. Jones.
14             MR. SCOTTEN:  Your Honor, I'm checking, but I believe
15     that's correct.
16             THE COURT:  I'm going to charge that error to the
17     government in giving me a summary.  Hold on.
18             MR. SCOTTEN:  Your Honor, that is correct.
19             THE COURT:  David Jones is charged in?
20             MR. SCOTTEN:  The racketeering count and the
21     discharging of firearms count but neither of the narcotics
22     counts.
23             THE COURT:  Neither of the drug charges.  All right,
24     Mr. Jones.  I stand corrected.  Thank you, counsel.  Mr. Jones,
25     you are described so far in what I've described only as the
```

G4rWbur4

1    first count, which is the racketeering charge.

2          Let me turn, though, to the fourth count.  The fourth

3    count charges a violation of Title 18, United States Code,

4    Sections 924(c)(1)(A)(iii) and 2, which makes it a crime to use

5    firearms in furtherance of another crime, here specifically

6    either the racketeering conspiracy charged in Count One and/or

7    the drug conspiracy charged in Count Two.  It also charges in

8    this fourth count, the firearms count, that the firearms that

9    were used were discharged.  If I get this right, those of you

10   who are in front of me who are charged in this fourth count,

11   the firearms count, include Mr. Bass, Mr. Campbell,

12   Mr. Francis, Mr. Jones, and Mr. John.  These crimes that have

13   been charged carry with them a number of possible sanctions,

14   including possible jail time.

15         Counsel, I'm going to go down the line and ask each of

16   you if you've received a copy of the indictment, if you have

17   had a chance to read and review it with your client.  I

18   understand the conditions for conferring with clients are not

19   the best today, but hopefully you have had enough of a chance

20   to advise your client about the charges that you're prepared to

21   waive its public reading and your client is prepared to enter a

22   plea.  I'm going to ask the clients individually if they are

23   prepared to plead to today's charges.

24         Starting with Mr. Tulman, have you had a chance to

25   meet with your client?

G4rWbur4

1      MR. TULMAN:  Yes, your Honor.  I have reviewed the

2  indictment with my client, and we waive its public reading, and

3  we would enter a plea of not guilty.

4      THE COURT:  Mr. Campbell, you have had a chance to go

5  over this indictment with your attorney?

6      DEFENDANT CAMPBELL:  Yes, ma'am, yes.

7      THE COURT:  How do you wish to plead to the charges

8  against you?

9      DEFENDANT CAMPBELL:  Not guilty.

10      THE COURT:  All right.  Have a seat.

11      Mr. Francis.

12      MR. SOLANO:  Yes, your Honor.  We have had an

13  opportunity to review the indictment.  We'll waive the reading

14  of it, and Mr. Francis is prepared to enter a plea of not

15  guilty.

16      THE COURT:  Mr. Francis, have you had a chance to

17  review the indictment with your attorney?

18      DEFENDANT FRANCIS:  Yes, ma'am.

19      THE COURT:  How do you wish to plead to the charges

20  against you?

21      DEFENDANT FRANCIS:  Not guilty.

22      THE COURT:  Mr. Hargrove.

23      DEFENDANT HARGROVE:  Yes.

24      THE COURT:  I'll ask your attorney first.

25      MS. BENETT:  Good afternoon, your Honor.  We've had an

G4rWbur4

```
1    opportunity to review the indictment together and waive the

2    public reading, and at this time Mr. Hargrove is prepared to

3    enter a plea of not guilty to all charges.

4              THE COURT:  Mr. Hargrove, have you had a chance to

5    review this with your attorney?

6              DEFENDANT HARGROVE:  Yes, ma'am.

7              THE COURT:  How do you wish to plead to the charges?

8              DEFENDANT HARGROVE:  Not guilty.

9              THE COURT:  Mr. John.

10             DEFENDANT JOHN:  Yes, ma'am.

11             THE COURT:  Starting with counsel, have you had a

12   chance to review the indictment with your client.

13             MR. DINNERSTEIN:  I have, your Honor, although I would

14   state that it isn't just not the best situation back there,

15   it's quite awful to talk to individuals and to try to get them

16   to understand what is in fact going on.  I did the best I could

17   with Mr. John and will see him within the next day or so so

18   that we can review the indictment further.  But I do believe

19   that he has a summary understanding of the indictment at this

20   time.

21             THE COURT:  Do you waive its public reading?

22             MR. DINNERSTEIN:  I do.

23             THE COURT:  Mr. John, have you had enough of an

24   opportunity to talk to your attorney about the charges to be

25   prepared to enter a plea?
```

G4rWbur4

1          DEFENDANT JOHN:  Yes, ma'am.

2          THE COURT:  How do you wish to plead to the charges

3    against you?

4          DEFENDANT JOHN:  Not guilty.

5          THE COURT:  Counsel, if you wish some more time to

6    speak to your client now, or if any of you do after this

7    proceeding, please let the marshals know.  We'll try to

8    accommodate you.  It's been a bit of a crunch today.

9          MR. DINNERSTEIN:  I'm not blaming anyone here, your

10   Honor, and I appreciate that, but I'll see Mr. John tomorrow.

11         MS. BENETT:  I'm sorry.  Before moving on, would the

12   marshals be able to take our clients to the fourth floor?  I

13   know there may be a time pressure moving them back to the

14   facility.

15         THE COURT:  I don't know.  We had an arrangement to

16   have clients seen here.  You'll have to check with marshals.

17   As the day gets later, it might be possible, but I don't know.

18         For Mr. Jones.

19         MR. SUSSMAN:  Judge, we have had a chance to review

20   the indictment, however briefly.  We'll waive the public

21   reading and we're prepared to plead not guilty.

22         THE COURT:  Mr. Jones, have you had an chance to talk

23   about the indictment with your attorney?

24         DEFENDANT JONES:  Yes, your Honor.

25         THE COURT:  How do you wish to plead to the charges

G4rWbur4

```
 1   against you?

 2             DEFENDANT JONES:  Not guilty.

 3             THE COURT:  Mr. Bass.

 4             MS. LEWIS:  Yes, your Honor.  I did have a chance to

 5   review the indictment with Mr. Bass, though I echo

 6   Mr. Dinnerstein's sentiment, that it was with difficulty that

 7   we were able to get through a summary there, and I do waive the

 8   public reading, and he is prepared to enter a plea of not

 9   guilty.

10             THE COURT:  Mr. Bass, you have had a chance to discuss

11   the indictment with your attorney?

12             DEFENDANT BASS:  Yes, ma'am.

13             THE COURT:  How do you wish to plead to the charges

14   against you?

15             DEFENDANT BASS:  Not guilty.

16             THE COURT:  OK.  It's my understanding that Judge

17   Nathan has scheduled a conference in this matter for May 2,

18   although there may be some different times for different

19   defendants.  I assume you've talked to the government about

20   this and you will have signed up for a certain time that day.

21   With respect to the six defendants here, are any of the

22   defendants prepared today to consent to detention without

23   prejudice to a future bail application?

24             MR. TULMAN:  Your Honor, on behalf of Mr. Campbell, we

25   would be prepared to consent to detention without prejudice for
```

G4rWbur4

1    today.

2                THE COURT:  All right.  I will indicate that.  Did you

3    provide a medical order; you don't need one?

4                MR. TULMAN:  I have not yet, your Honor.  I have it

5    here.

6                THE COURT:  Do you want to hand it up?

7                MR. TULMAN:  Mr. Campbell does suffer -- I will do

8    that.  Forgive my scrawl, your Honor, but Mr. Campbell suffers

9    from asthma and has no medication with him, and he also --

10               THE COURT:  What medication does he generally take?

11               MR. TULMAN:  Asthma pump.  He needs a pump.

12   Additionally, your Honor, he was recently discharged from the

13   hospital after sustaining injuries from multiple stab wounds,

14   and he has chest dressings and may require treatment for that

15   as well, replacement of the dressings and the like, so he

16   requires attention for that as well.

17               THE COURT:  Is the defendant on any other medication?

18               MR. TULMAN:  Percocet and oxycodone is what was

19   prescribed at the hospital, they gave when he was discharged.

20               THE COURT:  All right.  Going down the line, is anyone

21   else prepared to consent to detention without prejudice?

22               MR. SOLANO:  Yes, your Honor.  On behalf of

23   Mr. Francis, we're prepared to consent to detention without

24   bail.

25               THE COURT:  Any need for a medical order?

G4rWbur4

1          MR. SOLANO:  There is, your Honor.  We submitted one

2    for Mr. Francis.

3          THE COURT:  Hold on a second.  I should have one,

4    unless I put it in the wrong place.  What was it for.

5          MR. SOLANO:  I'm prepared to fill another one out,

6    your Honor.  For asthma.

7          THE COURT:  I'll fill one out.  Give me just a second.

8    Generally the clerk fills these forms out, but we were trying

9    to save time, so I have forms.

10          MR. SOLANO:  Understood, your Honor.

11          THE COURT:  I'm sorry.  The defendant has asthma?

12          MR. SOLANO:  Yes, he uses an inhaler.  And also, your

13    Honor, he was recently the victim of a stabbing, and after he

14    was arrested today, he was taken to a hospital.  He understands

15    that he was prescribed a pain killer, ibuprofen.

16          THE COURT:  Hold on one second.  Where is the injury,

17    generally?

18          DEFENDANT FRANCIS:  The lung.

19          THE COURT:  Arm?

20          MR. SOLANO:  Left lung.

21          THE COURT:  He was prescribed ibuprofen?

22          MR. SOLANO:  That's what he understands, correct, but

23    he hasn't taken it.  And he believes Percocet as well, your

24    Honor.

25          THE COURT:  OK.  Moving down the line, is there anyone

G4rWbur4

1    else who wishes to consent to detention without prejudice?

2           MS. BENETT:  On behalf of Mr. Hargrove, we consent to

3    detention without prejudice to make an application in the

4    future, and there's no need for medical.

5           THE COURT:  Do you need a medical order?

6           MS. BENETT:  No medical order is necessary.

7           THE COURT:  Mr. John.

8           MR. DINNERSTEIN:  Yes, your Honor.  I would consent at

9    this time to detention without making a bail application at a

10   future time.

11          THE COURT:  I have a medical order.  I've just

12   indicated on it that the defendant reportedly has asthma and

13   treats with albuterol.

14          MR. DINNERSTEIN:  Yes, your Honor.  That's correct.

15   Thank you.

16          THE COURT:  For Mr. Jones.

17          MR. SUSSMAN:  He would consent to detention without

18   prejudice towards a future bail application.  And, Judge, he

19   does have medical-attention needs.

20          THE COURT:  Do you want to hand up the form?

21          MR. SUSSMAN:  Yes.

22          THE COURT:  OK.  I'll sign the medical order that you

23   proposed.

24          MR. SUSSMAN:  Thank you, your Honor.

25          THE COURT:  Anything else for Mr. Jones?

G4rWbur4

1              MR. SUSSMAN:  No, your Honor.  Thank you.

2              THE COURT:  Mr. Bass.

3              MS. LEWIS:  Your Honor, I consent to the detention

4    without prejudice to renew a bail application as to Mr. Bass.

5              THE COURT:  Any need for a medical order?

6              MS. LEWIS:  No, your Honor.

7              THE COURT:  Is there anything else for any of the

8    defendants here?

9              MR. SCOTTEN:  Nothing from the government, your Honor.

10   Thank you.

11             THE COURT:  You're welcome.  All right.

12             (Adjourned)

13

14

15

16

17

18

19

20

21

22

23

24

25