*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

*The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007*

September 8, 2016

**BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *United States* v. *Nico Burrell* et al., S2 15 Cr. 95 (AJN)

Dear Judge Nathan:

      The Government respectfully submits this letter concerning the recent spate of motions by defendants to change counsel in this case.

      The Government takes no position on the merit of any defendant's motion for a change of counsel and shares the Court's commitment that each defendant have adequate representation. However, as the Court has noted, the "Sixth Amendment guarantees a criminal defendant an effective advocate, not necessarily the advocate of his or her choosing." *United States* v. *Jones*, 381 F.3d 114, 119 (2d Cir. 2004).  With respect to certain requests for change of counsel, as noted by the Honorable Laura Taylor Swain, United States District Judge, in denying such a request, the issue may not be "a lack of appropriate legal work by defense counsel," *United States* v. *FNU LNU*, Nos. 06 Cr. 172, 13 Civ. 3507, 2015 WL 5178438, at *6 (S.D.N.Y. Sept. 4, 2015), but rather "an understandable reaction to candid advice, to specific advice [that one's lawyer] is obliged to give. . . about what the law is and about what the options are." *Id.*  In a case of this nature, numerous changes of counsel can create unnecessary delays and other inefficiencies with respect to pretrial resolutions of the case, review of discovery, and other matters.  There is also a significant burden on the Court's resources associated with assigning new lawyers to this case; indeed, given the number of conflicted counsel, the Court is currently appointing lawyers from the Eastern District of New York.

      Accordingly, the Government respectfully proposes that, during future change of counsel proceedings in this case, to the extent there are questions about the necessity for a change of counsel, the Court conduct an *ex parte* inquiry of the defendant in the robing room or in the Courtroom—the Government would step out—to determine whether there is a truly meritorious issue requiring change of counsel, or if the issue is of the nature described by Judge Swain. The

Court could also seal the transcript of that portion of the proceeding. *See, e.g., id.* (noting that change of counsel decision was made after an *ex parte* proceeding).

                    Respectfully submitted,

                    PREET BHARARA
                    United States Attorney

By: ___/s/_____
     Rachel Maimin
     Micah W.J. Smith
     Hagan Scotten
     Jessica Feinstein
     Drew Johnson-Skinner
     Assistant United States Attorneys
     (212) 637-2460

cc: All defense counsel