*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

September 8, 2016

**BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re: **United States v. Burrell et al.**, 15 Cr. 95 (AJN)

Dear Judge Nathan:

      As directed by the Court, the Government respectfully submits this letter to respond to issues raised by the defendant Rasheid Butler regarding access to discovery at the Metropolitan Correctional Center (the "MCC").

Electronic Discovery at the MCC

      By way of background, in order to facilitate the review of discovery in this large case, the Government has produced discovery to the MCC in two ways.  First, the Government has provided multiple hard drives of discovery to the Education Units at the MCC.  These hard drives contain all of the discovery in the case except for photographs and videos seized from defendants' hard drives, which are often of a personal nature.  These photographs and videos were provided to defense counsel.

      Second, the Government has produced a personalized set of discovery on CDs to each defendant in his or her cell, which contains all of the discovery in the case except for the most voluminous material from the first discovery production, such as wiretap recordings and social media returns—although each defendant has received the line sheets and social media returns specific to him or her.  After the first discovery production, the defendants' individualized CDs have contained each supplemental discovery production in its entirety.  Accordingly, each defendant has a personal set of: (1) all of the case files for acts of violence and other incidents under investigation; (2) all of the material related to controlled purchases of narcotics; (3) all of the applications for wiretaps, search warrants, GPS warrants, and pen registers; and (4) criminal history material—such as rap sheets, arrest reports, and invoices for seized evidence—specific to each defendant.  These individualized CDs may be reviewed in the Education Units and on the computer located in each housing unit at the MCC.  The computers on the housing units are available each weekday from approximately 10 a.m. until approximately 9 p.m., except for an hour at approximately 4 p.m. for the inmate count.  On the weekend, the computers are available

for the same hours, except there is an additional hour-long inmate count each day when the computers cannot be used. The Government understands from counsel at the MCC that the computers on each housing unit are rarely in use.

### Education Unit Hard Drives

Butler told the Court that he did not have access for the last month to the discovery available at the Education Units.

The Government has consulted with counsel at the MCC, who advised that Butler's unit was on lockdown and therefore unable to go to the Education Unit from approximately August 16, 2016 until August 22, 2016. On August 31, 2016, the MCC returned the hard drives to the Government to load a supplemental production of discovery, which is being returned to the MCC today. The turnaround time for this production of discovery was longer than usual due to the holiday; it usually takes one to three days to burn new discovery onto the hard drives. However, all of the defendants—including Butler—were personally sent CDs containing this supplemental discovery production, in its entirety, on or about August 24, 2016.

In sum, during the last month, Butler had access to the discovery, in its entirety, in the Education Unit or on his housing unit except during the 8-day lockdown period, when he did not have access to the Education Unit hard drives. And, as discussed above, the only material on the hard drives that Butler did not have himself in his cell during those 8 days was material—*i.e.,* wiretap recordings and social media returns, as discussed above—produced in the first discovery production in May.[1]

### Housing Unit Computers

Butler told the Court that the computer on his housing unit is slow to upload discovery material.

Counsel for the MCC confirms that certain large pdf files in the discovery take time to open, namely, printouts of the defendants' Facebook pages, which can run into the tens or hundreds of thousands of pages. This does not indicate an issue with the MCC computers, but rather is a function of the size of certain files. The pdf of Butler's Facebook page, for instance, is over 260,000 pages long, and also takes time to open on the Government's own computers. That said, in order to facilitate Butler's review of the discovery, the Government will send Butler a CD that breaks this pdf into smaller size files so that he does not need to wait as long for the pdf to open.

---

[1] Butler also suggested to the Court that other defendants in this case were having similar issues. The Government has consulted with counsel for the MCC, who advises that Butler's unit was the only unit locked down during the last month for more than one day except for one other unit, which completed a lockdown today of approximately 6 days.

## Procedures for Reporting Issues with Jail Discovery

Before Butler stated his concerns to the Court, neither the Government nor counsel for the MCC was aware that there were any potential technical issues with the review of discovery in this case. In the future, if there is a concern with the review of discovery at the MCC, the Government respectfully suggests that the most efficient way for a defendant to have the issue addressed—in the hopes of avoiding the need for judicial intervention—is for the defendant to: (1) promptly notify the defendant's Unit Team, Unit Officer, Education staff, or other staff so that the MCC Computer Services Staff can fix the problem; and (2) promptly notify his or her lawyer so that the Government can get involved to fix the problem.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: ___/s/_____
Rachel Maimin
Micah W.J. Smith
Hagan Scotten
Jessica Feinstein
Drew Johnson-Skinner
Assistant United States Attorneys
(212) 637-2460

cc: All defense counsel