# BARRY GENE RHODES
*Attorney at Law*

112 WEST 34 STREET, 18TH FLOOR
NEW YORK, NY 10120
TELEPHONE: 212-946-2816
FACSIMILE:   212-946-2808

February 1, 2017

Hon. Alison J. Nathan
Judge
United States District Court
40 Foley Square
New York, NY 10007
(served and filed via ECF)

Re: <u>United States v. Ricardo Stewart</u>
15 CR 95-45 (AJN)

Dear Judge Nathan:

The defendant is scheduled to be sentenced by Your Honor on February 17. I am writing in the hope that the Court will sentence the defendant more leniently than the punishment that arises from the guidelines calculations or sentencing recommendation of United States Probation.

## THE CRIME OF CONVICTION

The defendant has pleaded guilty to Racketeering Conspiracy. He has admitted to assisting a violent street gang by supplying cocaine base on at least two occasions to another gang member, his older brother, Mark Williams. He has entered a plea agreement which includes a stipulation to the amount of narcotics being between 280 grams and 840 grams of crack cocaine. He has also stipulated to possession of a firearm in relation to this conduct.

## THE RECOMMENDED GUIDELINES SENTENCE

The presentence report correctly calculates the various guidelines' factors, concluding that the total offense level is 29. The report also correctly places the defendant in criminal history category II (because of a conviction when he was eighteen years old). The recommended guidelines sentence is therefore a range between 97 and 121 months of incarceration.

**BARRY GENE RHODES**
Attorney at Law

Hon. Alison J. Nathan – page 2 – February 1, 2017

## THE SENTENCING RECOMMENDATION OF PROBATION

Probation recommends a more lenient sentence. In the view of the probation officer who prepared the report and his supervisors, the appropriate sentence for Ricardo Stewart is 60 months of incarceration.

It is the defendant's respectful submission that a reduction is appropriate, but that 60 months is not low enough. The recommendation of 60 months arises from the poor upbringing the defendant experienced and the fact that the defendant did not participate in the violent activities of the conspiracy.

Even greater lenity would be proper, because of the defendant's societal handicaps, his present circumstances, because his involvement was not in the grosser, murderous aspects of the gangs' activities, and because the ten months he has been incarcerated have been unduly harsh and inhumane.

## THE DEFENDANT'S UPBRINGING

Ricardo Stewart was raised by his working mother, without a father or father figure since the defendant was four years of age. He has an older sibling, Mark Williams, who is a co-defendant in this case. He has a younger brother, Imani, who is sickly and with special needs.

When the defendant was sixteen, his mother relocated the family from the Bronx to Stamford, Connecticut. This was meant in part to separate Ricardo from the poor environment they experienced in the Bronx. This removed her children from a ghetto, but he had already formed friendships and relationships, so the ghetto was not completely removed from the child. He sometimes went back to the old neighborhood, and became involved with the gang and some of its activities.

In 2015, he contributed to the gang by twice resupplying his brother with cocaine base the defendant brought down from Connecticut.

He certainly knew better. He had some scrapes with the law, including a felony conviction (in which he discharged a firearm in an attempt to rescue someone being attacked with a knife).

**BARRY GENE RHODES**
*Attorney at Law*

Hon. Alison J. Nathan – page 3 – February 1, 2017

He helped the gang, but was not owned by it. He has no gang tattoos and did not participate in any of the gang's violent activities. He did not have much contact with it at all, as he continued to live in Connecticut.

## THE DEFENDANT'S NEW FAMILY CIRCUMSTANCES

Things have recently changed dramatically for the defendant. He is the young father of three children, one of whom was born just last month.

When he was arrested, he was working and supporting his children with legitimate labor. The arrest was a "wake up call," to say the least, particularly the nature of the accusations and awareness of the harm in which he had been involved. Following an early institutional problem, he has adjusted well, and is now engaged in GED studies.

The birth of his latest child was transformative. He hurt his family and he knows it. He does not want his mother to cry every night or for his children to be fatherless. He knows from his own pain what not having a father means.

He rues not sooner coming to awareness that his criminal behavior was wrong.

## INCARCERATION AT THE MCC HAS BEEN AWFUL

The defendant has been incarcerated since his arrest, on April 27, 2016. He reports that the conditions at the jail, the Metropolitan Correctional Center, have been terrible.

The MCC is filled with vermin, including mice and roaches. The defendant has more than once been awakened by a mouse crawling on his face. There is mold everywhere. The water shuts off without warning, leaving unflushed feces in the toilet. Shower water spontaneously becomes exceedingly hot. Eight chairs are provided for sixteen inmates in the defendant's unit. The food is often uncooked, and on two occasions contained pebbles (causing the defendant to chip his teeth). When he passed a pebble, he has blood in his stool, but was denied medical treatment.

**BARRY GENE RHODES**
*Attorney at Law*

Hon. Alison J. Nathan – page 4 – February 1, 2017

The guards, he reports, are insulting and do not do anything to rectify any of the bad conditions unless an inspection is scheduled. The counselors turn their backs to complaints as well.

In all, Ricardo has listed several pages of things radically wrong with the conditions at the MCC. He says "The…months I've been housed in M.C.C. has felt like years on out since I have never lived in or experienced such harsh living conditions."

He respectfully requests that Your Honor will consider the harsh circumstances of his incarceration and reduce his punishment.

CONCLUSION

The defendant requests a non-guideline sentence. The presentence report recommends a sentence somewhere between eight and ten years, and Probation suggests that a sentence of five years would be more appropriate.

He requests a sentence of no more than three years. His early life is the sad and familiar tale of a child raised by one parent in a slum. He has matured greatly since his arrest, particularly with the birth of this third child. He has suffered from inhumane conditions while in pretrial detention. He needs, it is submitted, employment and supervision, not lengthy incarceration. A sentence of three years would accomplish every 3553 goal without being greater than necessary.

Finally, the defendant wishes for the Court to consider the letters submitted by his loved ones and friends, which are enclosed.

Respectfully yours,

BARRY GENE RHODES

BGR:ja
Enc.
cc: Hon. Alison J. Nathan
  (by ordinary mail)
  AUSA Rachel Maimin