**TANNER & ORTEGA, L.L.P.**
ATTORNEYS AT LAW
WWW.TANNERORTEGA.COM

HOWARD E. TANNER*
HUGO G. ORTEGA
*MEMBER OF N.Y., N.J. AND D.C. BAR

**NEW YORK CITY OFFICE**
30 VESEY STREET
PENTHOUSE SUITE
NEW YORK, NY 10007
OFFICE: (212) 962-1333
FAX: (212) 962-1778

**WHITE PLAINS OFFICE**
175 MAIN STREET
SUITE 800
WHITE PLAINS, NY 10601
OFFICE: (914) 683-5185 EXT. 20
FAX: (914) 761-0995

April 18, 2017

Honorable Alison J. Nathan
United States District Court Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: ***United States v. Tayquan Tucker***
**15 Cr. 95 (AJN)**

Dear Judge Nathan:

      I respectfully submit this sentencing letter on behalf of Mr. Tucker who is scheduled to be sentenced by this Court on Wednesday, April 26, 2017 at 10:00 am. For the reasons set forth in this letter, the defendant agrees with the Probation Office's recommended guidelines range sentence of 84 months incarceration followed by three years of Supervised Release. Such sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. §3553.

      On December 13, 2016 the defendant pled guilty before this Court to Count 4 of the Indictment pursuant to a Plea Agreement, which stipulated to the following guidelines range calculation:

1. Pursuant to USSG §2K2.4(b) the guideline sentence for Count 4 is the minimum term of imprisonment required by statute, and Chapter Three and Four of the guidelines do not apply[1];

2. Count 4 therefore requires a 7 year mandatory minimum sentence of imprisonment to run consecutive to any other term of imprisonment imposed, pursuant to USSG §2K2.4(b) and 18 USC §924(c)(1)(A)(ii);

3. The defendant's stipulated guidelines range is therefore 84 months incarceration.

---

[1] The Guidelines Manual in effect as of November 1, 2016 applies.

The defendant's guilty plea to Count 4 reflects his involvement in robberies in furtherance of the criminal conspiracy alleged in Count 1 of the indictment. Specifically, Mr. Tucker participated in these robberies while he and/or other(s) with him possessed a gun in taking money, cellphones and other electronic equipment.

Mr. Tucker was born on November 19, 1995 in the Bronx, New York, to Antonio Lyles and Tanisha Tucker, who currently reside separately in the Bronx. That union also produced a sister, Emine Lyles, 20 years old and a brother, Antonio Lyles, Jr. who was murdered at age 17, in 2013, by alleged rival gang members. (Probation PSR ¶¶21, 38). He grew up in impoverished and dangerous surroundings. When he was 11 years old, Tayquan moved into a series of different homeless shelters with his mother and siblings, eventually moving into a home located in a violent and crime ridden area of the Bronx. His sister, Emine recounts the shared experience:

> "We grew up in the Bronx until maybe we were 7 and 8 years old after that I remember us staying in shelter to shelter…I remember when we moved to uptown, White [P]lains road into our own apartment even though…my mother did not want us to live in that area because…she knew it was no good…I used to hate those places…and I always used to wonder why we had to go threw (sic) this and I would just be so ashamed of myself."

Fortunately, Tayquan's mother always provided the essentials of food and clothing and, although his father did not reside with them, he did provide some financial support. (Probation PSR ¶39). Tayquan did not graduate high school, and last attended in the 11th grade. He began smoking marijuana at 19 years old approximately 3 times per week. (Probation PSR ¶53, 54). Although he does not have an extensive employment history, he has been employed as a truck loader and as a packer and deliveryman for a supermarket during 2014 and 2015. (Probation PSR ¶¶56-57). His employment at the supermarket was terminated due to an arrest.

He has 2 children, Kaceon Gordon, 3 years old, from his relationship with Ms. Jahmego Gordon and Mia'mour Tucker, 3 years old, from his relationship with Ms. Kadesha Samuels. Both children reside with their mothers. (Probation PSR ¶¶42, 43).

It seems clear from the defendant's own statements, observations made during his PSR interview as well as from my conversations with family members that the murder of his brother, Antonio, Jr., in 2013, as well as a brutal assault upon his mother, had a devastating impact on him. "During the presentence interview, the defendant responded appropriately to the inquiries made. However, during discussion of his brother's death, Tucker became withdrawn." (Probation PSR ¶51). "Tucker initially saw his father weekly and had a good relationship with him.

However, after [his brother's] death in 2013, Tucker's father became distant. His father felt that Tucker was responsible for his brother's death because he was the older brother and should have known Antonio's whereabouts." (Probation PSR ¶40). All of the attached letters in support of the defendant mention the terrible impact his brother's death had on him. This event in addition to witnessing, while he was very young, his mother being brutally stabbed by her boyfriend, also impacted him. Not only did he lose his brother after he was murdered but also the relationship he thought he had with his father. Contrary to Tayquan's belief, his mother disputes that his father was ever there for him.

None of these facts are submitted in order to minimize, in any way, the obviously very serious crimes committed by the defendant, but to give some background and context to the Court in imposing a fair and proper sentence. Indeed, Mr. Tucker does enjoy the love and support of his mother, sister and the mothers of his 2 children, as reflected in their attached letters of support.

His mother, Tanisha Tucker, writes:

> Tayquan has been through a few things in life. At the age of 6 he witnesses my now ex boyfriend stab me more than 14 times in the head with a screwdriver, at the age of 8 his father asked him what he wants for Christmas, Tayquan's reply was for him to spend more time with him (he's still waiting)…[H]e is a …man who chose to make horrible decisions. I'm asking for lenience so he can come home and continue to be there for his daughter…"

His baby's mother, Kadeshia Samuels writes, "Tay-quan has always been there for him (sic) family, willing to lend a hand with everything. Tay-quan has a 3 year old daughter…Since the day she was born I seen a changed man."

I can say that throughout my representation of Mr. Tucker, he has always been respectful and courteous towards me and comes across as an intelligent and engaging young man. From early on, he expressed his remorse for his conduct, wished to take responsibility for his actions and accept his punishment so that he can look forward to returning to his family after his release and be a good father to his children. Upon Mr. Tucker's release from incarceration, with Supervised Release, the support of his family, counseling and incentive to be a good parent, his prospects for rehabilitation and reformation are good.

In sum, justice would be served by the imposition of the Probation Office's recommended guidelines range sentence of 84 months. A seven year sentence of imprisonment would undoubtedly have a significant impact on the defendant, who, despite his prior criminal history, has never had a jail sentence imposed upon him in excess of one year. (Probation PSR ¶¶27-30).[2] He will miss significant time seeing his children grow up, yet given my client's

---

[2] Pending New York State charges in Westchester County against Mr. Tucker, noted in Probation PSR ¶¶35 and 36, are cases alleging relevant conduct to the instant case.

age of 22, he will have an opportunity to return to his family as a young man and be a father to his children while they are not yet teenagers and teach them not to repeat the bad choices he made in his life. Such sentence would therefore demonstrate leniency, yet also fulfill the goals pursuant to 18 U.S.C. § 3553: (1) promotion of respect for the law by imposing a term of imprisonment sufficient to demonstrate condemnation of the defendant's actions; (2) provide adequate deterrence to the defendant and others from future similar conduct; (3) protection for the public and (4) afford the opportunity for reformation and rehabilitation.

All of the goals of sentencing would be accomplished, sufficient but not greater than necessary, in order to achieve the aforementioned purposes. I therefore respectfully ask the Court for a guidelines range sentence of 84 months incarceration to be followed by 3 years of Supervised Release.

Very truly yours,

Tanner & Ortega, L.L.P.

Howard E. Tanner

cc: AUSA Rachel Maimin (By ECF)