UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,

        Plaintiff,

  -against-                          S2 15 Cr. 95 (AJN)

ANTHONY KING

        Defendant
------------------------------------------------------x

# DEFENDANT ANTHONY KING'S
# SENTENCING MEMORANDUM

                                    Winston Lee, Esq.
                                    20 Vesey Street, Suite 400
                                    New York, New York  10007
                                    (212)267-1911
                                    *Attorney for Defendant*
                                    *Anthony King*


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,

        Plaintiff,

  -against-                              S2 15 Cr. 95 (AJN)

ANTHONY KING

        Defendant
-------------------------------------------------------x


**DEFENDANT ANTHONY KING'S
SENTENCING MEMORANDUM**


**I.    Procedural Background and Plea Agreement**

On April 26, 2016, Mr. King was arrested in connection with the instant indictment and has been detained since then.

On December 15, 2016, Mr. King appeared before The Honorable Allison J. Nathan and pled guilty under Count Four of the indictment to possessing a firearm during and in relation to the narcotics conspiracy charged in Count Two of the Indictment.

The parties' plea agreement stipulates that, because Title 18, United States Code, Section 924(c)(1)(A)(i) Title 21 United States Code Section 841(b)(1)(B) requires a mandatory minimum of 60 months, the Stipulated Guidelines Sentence is 60 months imprisonment.

I respectfully request that the Court sentence Mr. King to 60 months imprisonment, which is likewise the recommendation of the U.S. Probation Office. Such a sentence accurately and reasonably reflects Mr. King's conduct and level of culpability in this case and it would be more than "sufficient, but not greater than necessary" to comply with all the sentencing purposes set forth in 18 U.S.C. 3553(a).

**II.     The Sentencing Framework**

As this Court is well aware, the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), substantially altered a sentencing court's obligation with respect to sentencing.  Now, the Guidelines range is advisory and just one of several factors set forth in 18 U.S.C. § 3553(a) that sentencing court is to consider in determining the appropriate sentence. See also United States v. Crosby, 397 F.3d 103, 111 (2d Cir. Feb. 2, 2005) and United States v. Fleming, 397 F.3d 95, 100 (2d Cir. Feb. 2, 2005).

After the proper consideration of the factors set forth 18 U.S.C. § 3553(a) factors, a District Judge may impose a non-Guidelines sentence if such a sentence would constitute a reasonable penalty. When sentencing a defendant for any criminal offense, "a district judge may consider 'the judges own sense of what is a fair and just sentence under all the circumstances.'" United States v. Castillo , 460 F. 3d 337, 356-357, (2d Cir. 2006)(citing United States v. Jones, 460 F. 3d 191 (2d Cir. 2006).  Indeed, consideration of the Guidelines does not constitute "mandatory adherence" to the otherwise applicable but advisory Guidelines range. United States v. Castillo , 460 F. 3d at 361.

  A.  History and Characteristics of Mr. King

The disadvantaged background from which Mr. King evolved and his eventual involvement in crime have become all too common.

Mr. King described his childhood as "a little rough" Growing up in poverty, Mr. King related that food was often scarce, and that he lived in an overcrowded apartment, with four children sharing one bedroom.  Anthony lost his father while he was young, and in the ensuing years, Anthony's mother would struggle in order for her family to survive. As a consequence, Mr. King would find himself making poor choices with little supervision or guidance in a toxic environment of crime, drugs, violence and poverty.

There is little doubt that the neighborhood where Mr. King grew up presented to unsupervised boys like him the great temptation and false security of easy money, "bling" and

drugs, while at the same time drawing these boys into a world of violence and misguided allegiances and loyalty.

But there is a side of Mr. King that desires normalcy and legitimacy. Mr. King has succeeded in developing close and meaningful relationships during his lifetime. At the time of his arrest, Mr. King was living in Endicott, New York, with Anita Burrel, with whom he has had a term relationship, their three year old son and Ms. Burrel's eight year old son from a prior relationship. Mr. King had been working odd jobs to support their young household, and Anita Burrel described Mr. King to the Probation Officer as a "great parent" to their son and to her son from the prior relationship.

The many enclosed letters from his family and friends (Exhibit A, B, C and D) relate that Mr. King is a compassionate person who has always been devoted to his two children. The undiminished devotion and faith that Mr. King's family and friends have in him is well deserved. Unfortunately, since his incarceration for this case, Mr. King has witnessed the hardship and pain his absence is inflicting upon his family. He clearly understands now that resorting to crime is not worth it if it takes him away from his family, leaving them without his assistance and support.  I submit that the strong support from Mr. King's friends and family provides added assurance to this Court that Mr. King can and will succeed in getting back on his feet and living a law abiding life after he is released from prison.

  B. Mr. King Has Never Before Served a Sentence of Incarceration

A sentence of sixty months imprisonment that includes a term of supervised release combined with the conditions of drug treatment would be more than enough to accomplish all of the purposes of sentencing.

Without minimizing the seriousness of the criminal conduct that Mr. King has admitted to, we ask the Court to consider that, although Mr. King has previous conflicts with the law, he stands before you as someone who has never served any jail sentence. Needless to say, even the mandatory five year term of imprisonment would be much greater than any prior sentence Mr.

King has received, and would represent a very significant escalation in punishment from any previous sentence.  Such a sentence would certainly be more than sufficient to address the sentencing objectives of specifically deterring Mr. King from future crimes and to reflect the seriousness of the offense.

In addition, under the terms of his supervised release following his incarceration, Mr. King will be further subjected to continual monitoring to ensure that he has not engaged in any new criminal conduct and that he is continuing with his substance abuse treatment. This component of his sentence would also accomplish the sentencing goals of providing "just punishment" and "protecting the public from further crimes."

Furthermore, the accompanying restrictions on Mr. King's ability to travel without permission and the burden of being subjected to unannounced visits by a probation officer would be a constant reminder to Mr. King (and the public) of his wrongful conduct, thereby promoting "respect for law" and "general deterrence."

### III.    Conclusion

The "parsimony clause" of 18 U.S.C. §3553(a) requires a sentencing Court to impose a sentence which is "sufficient, but not greater than necessary" to satisfy the factors set forth in 18 U.S.C. §3553(a)(2). If this Court were to "conclude that two sentences equally served the statutory purpose of §3553, it could not, consistent with the parsimony clause, impose the higher." United States v. Ministro-Tapia, 470 F.3d 137, 142 (2d Cir. 2006).

Mr. King is a repentant young man who truly recognizes the significance of his misconduct and who has matured tremendously during his time in pre-trial detention.  With his family support, and the harsh lesson he has learned from this case,  this Court has reason to believe that Mr. King can fulfill his rehabilitative potential and succeed in becoming a law abiding, productive member of society and will remain a devoted father and son to his loved ones.

I respectfully submit that the requested sentence of 60 months imprisonment would be a

reasonable sentence which is more than sufficient "but not greater than necessary" to comply with all the sentencing purposes set forth in 18 U.S.C. 3553(a).

Dated: New York, New York
April 20, 2017

                                        Respectfully submitted,

                                        _____/s/_____

WINSTON LEE
20 Vesey Street, Suite 400
New York, New York  10007
(212) 267-1911
*Attorney for Defendant*
*Anthony King*

<u>CERTIFICATE OF SERVICE</u>

I certify that on April 20, 2017, I caused a copy of Defendant Anthony King's Sentencing Memorandum and attached exhibits to be served on the Government by e-mail.

I certify under the penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated: New York, New York.
April 20, 2017

          /s/
WINSTON LEE, ESQ.
20 Vesey Street, Suite 400
New York, New York 10007
(212) 267-1911

*Attorney for Defendant
Anthony King*