*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 22, 2017

**BY CM/ECF**

**The Honorable Alison J. Nathan**
**United States District Judge**
**Southern District of New York**
**40 Foley Square**
**New York, New York 10007**

      Re:    *United States* v. *Tayquan Tucker*,
             15 Cr. 95 (AJN)

Dear Judge Nathan:

      The Government respectfully submits this letter in response to defendant Tayquan Tucker's letter, dated May 24, 2017, requesting that this Court amend Tucker's sentence to give him credit for time served in state custody. As detailed below, this Court should not grant Tucker's request.

      On December 11, 2016, Tucker pled guilty before this Court to Count Four of the Indictment, which charged him with using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, the BMB criminal enterprise, which firearm was brandished, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii). By statute, the Court was required to sentence Tucker to no less than 84 months' imprisonment, which term of imprisonment must run consecutive to any other term of imprisonment. *See* 18 U.S.C. § 924(c)(1)(A)(ii) & (c)(1)(D)(ii).

      On May 11, 2017, this Court did, in fact, impose a sentence of 84 months' imprisonment, to be followed by three years' supervised release.

      On May 24, 2017, Tucker wrote this Court, asking this Court to amend the judgment in order to credit Tucker for time that he spent in pretrial detention in state custody before he was arrested in this matter and writted into the Marshals' custody: from February 2, 2016 until April 27, 2016. This Court ordered the Government to respond by today.

      This Court cannot grant Tucker the relief he seeks for a number of reasons. First, the law bars this Court from amending Tucker's judgment; indeed, Tucker cites no procedural rule that would allow this Court to amend a final judgment. To the contrary, the applicable statute is clear: "The court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted

by statute or by Rule 35 of the Federal Rules of Criminal Procedure."[1] 18 U.S.C. § 3582(c)(1)(B). Federal Rule of Criminal Procedure 35(a) permits the correction of a sentence "that resulted from arithmetical, technical, or other clear error" within 14 days after sentence.[2] Not only does Tucker not claim "arithmetical, technical, or other clear error"—nor could he—but the time in which this Court would have had the power to correct such an error expired nearly a month ago. Federal Rule of Criminal Procedure 35(b) permits the reduction of a sentence for substantial assistance upon the motion of the Government, and so clearly does not apply here. The Government knows of no other statute that would permit an amendment of Tucker's sentence, and Tucker cites none. Accordingly, this Court is procedurally barred from granting Tucker's request.

Second, even if this Court were to have considered Tucker's request at the time of sentencing, it would have been compelled to reject it. Tucker argues that this Court would have had to credit him for the time he spent in pre-trial detention for relevant conduct pursuant to U.S.S.G. § 5G1.3(b). Tucker is wrong.

Section 924(c)(1)(ii) requires this Court to impose no less than the 84-month sentence that the Court did, in fact, impose. And Section 924(c)(1)(D)(ii) requires this Court to run that sentence consecutive to any other sentence, including state sentences. *See*, *e.g.*, *United States* v. *Gonzales*, 520 U.S. 1 (1997) (holding that Section 924(c)'s requirement of consecutive sentencing applies to state as well as federal sentences). It matters not that this Court imposes its sentence before the state. *See Setser* v. *United States*, 132 S. Ct. 1463 (2012) (holding that a District Court has the authority to run a sentence consecutive to an anticipated, but not-yet-imposed, state sentence). Indeed, the statute contemplates that the Section 924(c) sentence would run consecutive to any sentence for the predicate crime of violence (or, in this case, relevant conduct to that predicate crime of violence). *See* 18 U.S.C. § 924(c)(1)(D)(ii) ("no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, *including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed*" (emphasis added)).

Because a sentence imposed under Section 924(c) must run consecutive to another sentence, U.S.S.G. § 5G1.3(b)'s crediting and concurrency mechanisms simply do not apply to that sentence. Indeed, when the Second Circuit outlined the reach of U.S.S.G. § 5G1.3(b), allowing even a credit against a mandatory minimum sentence in certain cases, it explained that "[t]he adjustments under U.S.S.G. § 5G1.3(b) are 'derivative' of the concurrent sentencing scheme," *United States* v. *Rivers*, 329 F.3d 119, 122-23 (2d Cir. 2003) (quoting *United States* v. *Ramirez*, 252 F.3d 516, 519 (1st Cir. 2001)), and used Section 924(c) as a specific counter-example

---

[1] There are other narrow exceptions that are self-evidently inapplicable here, and so not discussed. *See* 18 U.S.C. § 3582(c)(1)(A) & (c)(2).

[2] "As used in this rule, 'sentencing' means the oral announcement of the sentence." Fed. R. Crim. P. 35(c).

of when Section 5G1.3(b) would not apply. *Id.* At 122 (citing *United States* v. *Drake*, 49 F.3d 1438, 1441 n.5 (9th Cir. 1995)).[3]

Moreover, Section 5G1.3(b), by its own terms, applies only when there is an "undischarged term of imprisonment" at the time the defendant is sentenced in District Court. Here, Tucker was in pretrial detention in the state; no term of imprisonment had been imposed. Accordingly, there was no undischarged term of imprisonment.

Because Section 5G1.3(b) does not apply to Section 924(c) sentences, and because there was no undischarged term of imprisonment at the time Tucker was sentenced, even at the time of Tucker's sentencing, this Court would not have been able to reduce Tucker's sentence by crediting him for time served in state custody.

Finally, as a practical matter, if Tucker's claim that the state will dismiss its charges against him is correct, Tucker will likely be credited his entire time in state custody—both before and after he was writted into the Marshals' custody (during which time he was still, technically, in state custody, but "borrowed" by the Marshals on a writ)—by the United States Bureau of Prisons (the "BOP"). Although the Government has not discussed this with the BOP, and the BOP—and not the Government or this Court—has the ultimate authority to calculate Tucker's sentence, *see United States* v. *Wilson*, 503 U.S. 329, 332-34 (1992) (holding that the Attorney General determines credits for time spent in official detention, and a district court *may not* award such credit), the Government's cursory review of Title 18, United States Code, Section 3583(b) leads it to believe that Tucker will receive such credit. In particular, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed . . . that has not been credited against another sentence." 18 U.S.C. § 3582(b)(2). If the state charges are dismissed, then the time from Tucker's arrest in the state to his sentence in this Court would appear to be "official detention prior to the date the sentence commences . . . as a result of any other

---

[3] The portion of *United States* v. *Drake* quoted by the *Rivers* court stated, in full:

> In contrast, when Congress intended that the statutory mandatory minimums not be affected by the requirements of concurrent sentencing, it made its intent quite clear. See, *e.g.*, 18 U.S.C. § 924(c)(1) ( "Notwithstanding any other provision of law . . . the term of imprisonment imposed under this subsection [shall not] run concurrently with any other term of imprisonment.").

49 F.3d at 1441 n.5.

Hon. Allison J. Nathan
June 22, 2017
Page 4 of 4

charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed" and Tucker will receive appropriate credit.

For this reason, as well, until the BOP calculates Tucker's sentence, any motion for review of that calculation under an applicable statute would be premature at this phase. Moreover, if this Court were to reduce Tucker's sentence, and then he received credit pursuant to Section 3585(b)(2) because his state charges are dismissed, he would effectively receive double-credit for the time served in the state, with a reduction by this Court and again by the BOP, which would undercut the mandatory sentence that this Court imposed.[4]

For the reasons set forth above, this Court should deny Tucker's request.

> Respectfully submitted,
>
> JOON H. KIM
> Acting United States Attorney
>
> By:     /s/
> Rachel Maimin
> Assistant United States Attorney
> Tel.: (212) 637-2460

cc:     Howard Tanner, Esq. (by CM/ECF)

---

[4] This, of course, is another reason why Section 5G1.3(b) does not apply to sentences not yet imposed; if the charges are ultimately dropped, the defendant would receive double-credit improperly.