UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA

   -against-                                           S2 15 Cr. 95 (AJN)

BARFFOUR ABEBERSE,

-----------------------------------------------------------X

## SUPPLEMENTAL SENTENCING SUBMMISION
## FOR BARFFOUR ABEBERSE

GLENN A. GARBER
Glenn A. Garber, P.C.
The Woolworth Building
233 Broadway, Suite 2370
New York, NY 10279
212-965-9370
ggarber@glenngarber.com

I write to supplement the March 3, 2017 sentencing submission of Mr. Abeberse with additional letters and certificates, and his latest work performance rating at MCC.  In addition, I raise a few more points that the Court may consider relevant to the upcoming sentencing on Tuesday, August 22nd.

Provided herewith are letters from Mr. Abeberse, a close friend, and the Warden at MCC.  Also included are certificates showing completion of an Entrepreneurship Course (mentioned in the March 3, 2017 submission), a Tutor Training Program, an American Studies Class, and an acknowledgment of "Taking Steps Towards Change" for completion of the Anger Management Program.  Furthermore Mr. Abeberse's most recent "Work Performance Rating" at MCC is submitted which evidences high marks in every category of performance, with most being outstanding.  Significantly, Mr. Abeberse has directed his energy toward helping and mentoring other inmates and encouraging them to move away from the drugs and violence that has plague his young life and negatively affects so many others who have ended up in prison.

These materials along with the PSR and those provided in the March 3rd sentencing submission demonstrate Mr. Abeberse's remarkable progress and his genuine efforts at rehabilitation.  These documented accomplishments are noteworthy in the timeline of events, especially given Mr. Aberberse's age, and that he put his past behind him years ago.   Although the indictment spans from 2007 to 2016, Mr. Abeberse's criminal conduct was relatively short-lived and occurred at a young impressionable age – essentially from 2009 to 2011 (ages 17 to 19).  The 2013 incident mentioned in the PSR at ¶ 26 and in the government's 8/17/17 sentencing memorandum (at 8) was presented to a grand jury in the Bronx and there was no true bill.  And, Mr. Abeberse has no recollection of and denies the 2012 incident, which presumably comes from an unchallenged cooperator (See PSR at ¶ 29).

But, even if the Court considers this alleged 2012 and 2013 conduct (which it should not) there is no viable claim that Mr. Abeberse participated in any "BMB" activity since after he commenced a twenty-two- month sentence in state court for related conduct in 2013, over four years ago.[1]  At bottom – and a point apparently recognized by the Probation Department – Mr. Abeberse's criminal conduct was at a time when he "lacked youthful guidance" (PSR at 35), and he has demonstrated that he has matured immensely.  He is simply not a person who was "totally undeterred" or the person the government describes him to be in its recent sentencing memorandum (Gov. Sent. Memo. at 6-8).

It is also requested that the Court consider the sentences of other co-defendants under 18 U.S.C. 3553(a)(6) ("to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct") and the reasons for variances in those cases that also apply to Mr. Abeberse.

In particular, Anthony Letterio received a variance from a Guidelines range of 63 to 78 months to 24 months due to a difficult childhood and proven efforts to rehabilitate (Dkt. Entry "DE" 1288, 30-37).  The Court also considered the harsh conditions at MCC (Id. at 35).  Notably, Mr. Abeberse had similar difficulties, made great strides to improve himself, and was in the same unit as Mr. Letterio at MCC.  Bradley Wilson received a variance from a Guidelines range of 70 to 87 to 24 months due in part to post-arrests signs of rehabilitation and interest in education and employment (DE 967 at 25).  Robert Feliciano received a variance from 78 to 97 months to 48 months based in part on putting his criminal past behind him since 2014 and his employment and prospect for future employment (DE 991 at 21-22).  Daquan Reid, Rashawn

---

[1] As stated in Mr. Abeberse March 3rd and maintained here, he is talented rapper and it is not fair to rely on lyrics to define a person, especially without viable evidence that he is engaging in criminal conduct.

Brown and Robert Haughton received variances from 87 to 108 to 36 months, 63 to 78 months to 36 months, and 70 to 87 to 60 months, respectively, based in part on good behavior and positive changes during pre-sentencing incarceration (DE 1031 at 9-13; DE 1033 at 16-20; DE 1286 at 13).  And, Okeifa John received a variance from 70 to 87 months to 38 months based on difficulties he endured as a youth (DE 1344 at 19).

In sum, for the reasons stated here and in the March 3, 2017 submission it is requested that the Court consider and impose a variance below the Stipulated Guidelines range of 120 to 150 months when issuing the sentence in this case.[2]

Dated:  August 21, 2017

                                                  GLENN A. GARBER

                                                      /s/

                                              Glenn A. Garber, P.C.
The Woolworth Building
233 Broadway, Suite 2370
New York, NY 10279
212-965-9370
ggarber@glenngarber.com

---

[2] Although Mr. Abeberse posited a way to look at the Guidelines to achieve a variance to 78 months in his March 3rd sentencing memorandum, he is mindful that any variance would move downward from 120 months, the low end of the Stipulated Guidelines range, and that a variety of rationales and constructs can be employed by the Court to reasonably justify a variance.

3